COBB, Judge.
Appellants sued the appellees and alleged that they had a right to use a road running across the appellees’ property on the theory of public prescriptive easement. At the close of the evidence, the appellants moved to amend their complaint to include the allegations of a private prescriptive easement. The trial court granted the motion.
Subsequent to the trial, the trial court notified the parties by letter that it was construing the motion to amend the pleadings as a motion to amend the pleadings generally to conform to the evidence and therefore the trial court was considering the complaint to be amended to include a prayer for a statutory way of necessity.[1] The trial court then entered a judgment in which it found that the appellants had failed to prove a right to use the road by either public or private prescriptive easement, but that the appellants had established a right to use the road as a statutory way of necessity. The appellees moved to alter the judgment on the ground that the issue of statutory way of necessity had not been tried and they should be allowed an *430 opportunity to present evidence on that issue. The trial court denied that motion.
The appellants appealed that portion of the final judgment that denied them a prescriptive easement. The appellees cross-appealed that portion of the final judgment that granted the appellants a statutory way of necessity.
There was sufficient evidence presented at trial showing that the use of the road was permissive to support the trial court’s finding that the appellants failed to prove either a public or private prescriptive easement. We affirm that judgment insofar as it denied a prescriptive easement. See Downing v. Bird, 100 So.2d 57 (Fla. 1958); City of Daytona Beach v. Tona-Rama, Inc., 294 So.2d 73 (Fla.1974).
On the other hand, we find merit in the appellees’ cross-appeal. The issues and evidence involved in an attempt to establish a statutory way of necessity are different from the issues and evidence involved in an attempt to establish a prescriptive easement. The appellees should have been given the opportunity to present their case on those matters. We reverse that portion of the judgment granting a statutory way of necessity without prejudice to the appellants’ right to properly raise that issue in a subsequent proceeding.
AFFIRMED in part; REVERSED in part.
FRANK D. UPCHURCH, and SHARP, JJ., concur.

. Section 704.01, Florida Statutes.